### DAVIS vs. HAWLEY and others.

Where two or more defendants appear by different solicitors, all of whom appear and oppose a special motion, made against them jointly, and such motion is denied with costs to the defendants to be taxed, the taxing officer is not at liberty to restrict the solicitors of the defendants to one bill of costs; although the court might properly have so restricted the allowance of costs, at the time the order was made, denying the motion.

A charge for a copy of the bill of costs, to keep, is not taxable.

Upon the taxation of the costs of a special motion, the solicitor is not entitled to charge for affidavits of the demand of the costs, and of the non-payment thereof.

But such affidavits are taxable, or will be allowed, as a part of the costs of the order for a precept to compel the payment of the costs of the special motion, if the costs of such motion are not paid within the time allowed for that purpose.

Where only one order is entered, upon the denial of a motion with costs, to several defendants, only one charge for the drawing and entering the order, and attending the register upon the entry thereof, is taxable; although the defendants have appeared by different solicitors.

THIS was an application for a re-taxation of the costs, upon a special motion. The defendants appeared by separate solicitors; and the principal objection was to the allowance of two distinct bills of costs.

*S. D. Van Schaack,* for the complainant.

*E. Clark,* for the defendants.

THE CHANCELLOR. The answers show that the defendants had distinct interests; the one claiming under an assignment to which the other was not a party, and the answers being in fact different. Although it might have been proper for the vice chancellor, who made the order for costs in this case, at the time such order was made, to have given but one bill of costs, except as to those services which necessarily were separate, I think the taxing officer was bound, under this order, to tax both bills. Some of the items in each bill, however, were improper. In each bill a copy of the bill of costs to keep, is taxed; which charge is not allowable under the fee bill. And in each bill, $2 is charged for affidavits of demand and non-payment, which affidavits are not properly taxable in these bills. For if the costs are paid without a further application to the court, to compel payment, those affidavits are unnecessary. And if the costs are not so paid, these charges will be included in the usual allowance, for the costs, in the order for a precept. The charges for notice of the order to serve, and the second charge for serving the order for costs, which is charged in each bill, and the charge for serving the taxed bill of costs, are not taxable, and should also have been disallowed by the taxing officer. And as it appeared upon the face of the order, under which the taxation was made, that the counsel who made the motion was also the solicitor for one of the defendants, it was improper to allow him for his attendance, both as solicitor and counsel, in the bill of costs belonging to him as solicitor. (2 *Paige's Rep.* 471.) There was in fact but one order entered, for the costs of both defendants. Both could not therefore be entitled to charge for drawing and entering the same order, and attending the officer to enter it. Those charges should be stricken out of the second bill.

The first bill must be reduced to $17,36, and the second to $15,43; and both must be paid within twenty days after service of the order, reducing the amounts, upon the solicitor for the complainants.